# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LOUIS JACOBS,

        Petitioner,

vs.                                        Case No.:   3:22-cv-824-TJC-PDB
                                                            3:08-cr-382-TJC-PDB

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner Louis Jacobs is serving a 210-month prison sentence for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846. (Crim. Doc. 53, Judgment.)[1] This case is before the Court on Petitioner's second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, Successive § 2255 Motion.)

Petitioner, who was sentenced under the career offender guideline, argues that he is "actually innocent" of the career offender enhancement based on the Eleventh Circuit's decision in United States v. Jackson, 36 F.4th 1294

---

[1] "Crim. Doc. ___" refers to docket entries in the criminal case, United States v. Jacobs, No. 3:08-cr-382-TJC-PDB. "Civ. Doc. ___" refers to docket entries in the current § 2255 case, No. 3:22-cv-824-TJC-PDB.

1

(11th Cir. 2022).² He also argues that, were he to be sentenced today, he would no longer be subject to a repeat-offender enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851.

Petitioner filed the Successive § 2255 Motion on July 26, 2022. (Civ. Doc. 1 at 8.)³ However, he previously moved under § 2255 to vacate his sentence in 2014. (See Case No. 3:14-cv-726-TJC-JK, Doc. 1, First § 2255 Motion.) In the First § 2255 Motion, as here, Petitioner argued that the Court misapplied the career offender enhancement. The Court dismissed the First § 2255 Motion as untimely and also explained that the claim was not cognizable on collateral review under Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (en banc). First § 2255 Case, Doc. 7 at 8–10. The Court denied a certificate of appealability (COA) as well. Petitioner neither appealed the Court's Order nor sought a COA from the Eleventh Circuit.

---

² In Jackson, the Eleventh Circuit held that, in determining whether a prior state drug conviction qualifies as a "serious drug offense" under the Armed Career Criminal Act, due process requires courts "to use the iteration of the Controlled Substances Act Schedules incorporated into [18 U.S.C.] § 924(e)(2)(A)(ii)'s definition of 'serious drug offense' in effect when [the defendant] possessed the firearm that undergirds his federal conviction pending before us." 36 F.4th at 1300. Because the Attorney General removed ioflupane (a cocaine analogue) from the list of federally controlled substances on September 11, 2015, and until 2017 a cocaine-related conviction under Florida Statutes Section 893.13(1)(a) encompassed ioflupane, a pre-2017 cocaine-related conviction under Florida Statutes Section 893.13(1)(a) is not a "serious drug offense" for defendants who committed their federal felon-in-possession offense on or after September 11, 2015. See id. at 1301–04.

³ Houston v. Lack, 487 U.S. 266, 276 (1988) (prison mailbox rule).

Because Petitioner previously filed a § 2255 motion challenging the same judgment, and the motion was dismissed with prejudice, he must obtain permission from the Eleventh Circuit Court of Appeals before filing a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner did not obtain authorization to file the current Motion.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the Eleventh Circuit has not authorized Petitioner to file a second or successive motion to vacate, the Court lacks jurisdiction over the current Successive § 2255 Motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Louis Jacobs's unauthorized successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk will send Petitioner the form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.

3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Parties and counsel of record